IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL LONG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-02590-N |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND AUSTIN BURRELL WEEDON, | § § § § | |
| | § | |
| *Defendants*. | | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S MOTION TO COMPEL APPRAISAL AND ABATE PROCEEDINGS**

TO THE HONORABLE COURT:

Defendant Allstate Vehicle and Property Insurance Company ("Allstate") files this Motion to Compel Appraisal and Abate Proceedings and in support thereof respectfully shows the Court as follows:

**I.**

**SUMMARY OF THE ARGUMENT**

1.1   This is a first party insurance case dealing with storm damage to a residence. Plaintiff alleges that Allstate undervalued his claim. Allstate invoked the policy's appraisal clause, identified its appraiser, and requested that Plaintiff comply with the appraisal provision in accordance with the terms of his policy. To date, Plaintiff has not complied with the appraisal clause and has indicated that he will not participate in the appraisal process. Therefore, Allstate requests that this Court enter an order compelling Plaintiff to participate in the appraisal process as required by the express terms of the policy and Texas law.

1.2     Appraisal may well resolve the central issue in this litigation: the amount of property loss as a result of the hail and/or wind storms.  Because the appraisal process may resolve the case or significantly narrow the issues, allowing Plaintiff to go forward with discovery will result in wasted time, money, and energy, which is at odds with the underlying purpose of appraisal "to provide a less expensive, more efficient alternative to litigation." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding). Recognizing that an insured's claims may become moot once the contract claim is resolved through appraisal, courts regularly abate litigation while parties pursue resolution through appraisal.  This Court should abate all proceedings in this case pending the outcome of appraisal, including further written discovery, depositions, and any pending deadlines, hearings, or trial settings, and should defer setting a trial date until appraisal has concluded and any summary judgment motion has been resolved.

## II.
## RELEVANT BACKGROUND FACTS

2.2     This case involves a disagreement between the parties regarding the valuation of a property damage claim allegedly arising from a storm on or about April 11, 2016 at Plaintiff's dwelling located at 1480 Coastal Drive, Rockwall, Texas 75087-2439. It is undisputed that Allstate issued Plaintiff homeowners policy no. 836097197, effective January 25, 2016 to January 25, 2017.  A certified copy of Renewal Texas House & Home Policy is attached hereto and incorporated herein for all purposes as Exhibit "A."  On January 12, 2017, Plaintiff reported this claim to Allstate.  *See* Affidavit of Dan Murphy attached hereto and incorporated herein for all purposes as Exhibit "B."  On January 20, 2017, adjuster Edward Porter inspected Plaintiff's property.  *Id.*  Plaintiff's property was re-inspected on January 28, 2017 by adjuster Austin Weedon.  *Id.*  These inspections revealed storm-related damage to the roof, window screens,

window bead, deck railing and posts, all gutters, and 120 LF downspouts, five rain caps, and one boot. *See* Exhibit "B." Based on the inspection findings, Allstate issued payment to Plaintiff in the amount of $3,820.16, after application of the policy's $4,190 deductible. Exhibit "B."

    2.3    Plaintiff filed suit against Defendants on August 18, 2017 claiming contractual and extra-contractual damages arising out of the alleged underpayment of his claim. *See* Plaintiff's Original Petition [Dkt. 01-03] at 11-30. On December 6, 2017, Allstate made a written demand for appraisal under the terms of Plaintiff's policy. *See* Exhibits "A" and "B." *See also* a true and correct copy of Allstate's December 6, 2017, appraisal demand letter attached as Exhibit "C." Under the express terms of the policy, Plaintiff had twenty (20) days from the date the demand was received to notify Allstate of his selected appraiser. *See* Exhibit "A," Texas Amendatory Endorsement AVP345. ("If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party shall select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received."). In a letter dated December 18, 2017, Plaintiff indicated that he will not comply with the policy's appraisal provision. *See* December 18, 2017 letter from Plaintiff's counsel attached hereto as Exhibit "D." No legal basis has been provided for Plaintiff's refusal to comply with the appraisal process; instead, Plaintiff asserts without explanation that Allstate waived its rights to declare appraisal and objects to abatement. *See* Exhibit "D."

    2.4    Appraisal of this claim is proper. Allstate requests that this Court enter an order compelling Plaintiff to participate in the appraisal process and to appoint an appraiser within five days of such order so that the contractually agreed-upon appraisal process can be carried out

without further delay. Further, Allstate requests that all proceedings in this matter be abated until the appraisal process is complete.

## III.
## ARGUMENT AND AUTHORITIES

**A.      Plaintiff is Required to Participate in Appraisal Under the Terms of the Policy and Texas Law**

3.1     The Texas Supreme Court has "enunciated a strong policy in favor of enforcing appraisal clauses in insurance contracts . . . ." *Sanchez* v. *Prop. & Cas. Ins. Co. of Hartford,* 2010 WL 413687, at *4 (S.D. Tex. Jan. 27, 2010) (citing *State Farm Lloyds v. Johnson,* 290 S.W.3d 886, 888-89, 895 (Tex. 2009)). An appraisal clause "binds the parties to the extent or amount of the loss determined in a particular way." *Johnson,* 290 S.W.3d at 888-89 (quoting *In re Allstate County Mut. Ins. Co.,* 85 S.W.3d 193, 195 (Tex. 2002)); *see also Lundstrum v. United Servs. Auto. Ass'n-CIC,* 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court.").

3.2     The purpose of appraisal is to "decide the 'amount of loss,' not to construe the policy or decide whether the insurer should pay." *Johnson,* 290 S.W.3d at 890. "Unless the 'amount of loss' will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts." *Id.* at 895. *See also Dike v. Valley Forge Ins. Co.,* 797 F. Supp. 2d 777 (S.D. Tex. 2011). Compliance with the appraisal process is a condition precedent to the filing of suit. *Johnson,* 290 S.W.3d at 894.

3.3     Plaintiff's policy provides, as a condition to property loss coverage, that no action can be brought against Allstate unless the following policy provisions have been complied with:

    13.     **Action Against Us.**  No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for

which coverage is sought, under a coverage to which **Section I Conditions** applies, unless:

a. there has been full compliance with all policy terms; and

b. the action is commenced within two years and one day from the date the cause of action first accrues; and

\* \* \*

Exhibit "A," Texas House & Home Policy AVP91 at p. 20. Moreover, Plaintiff's policy unambiguously requires Plaintiff to participate in appraisal upon the written demand of Allstate. The relevant policy provisions state:

**Section I- Conditions**

8. **Appraisal.**
If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party shall select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.

The appraisers shall then determine the amount of the loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to you and us, the amount agreed upon shall be the amount of the loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of the loss.

Each party will pay the appraiser it chooses, and equally bear expense for the umpire and all other appraisal expenses.

Exhibit "A," Texas House & Home Policy AVP91 at p. 19.

\* \* \*

3.4 It is well-established that where an insurance contract mandates appraisal to resolve the parties' dispute regarding the value of a loss, and the appraisal provision has not been waived, a trial court abuses its discretion and misapplies the law by refusing to enforce the

appraisal provision. *Scottish Union & Nat'l Ins. Co. v. Clancy,* 18 S.W. 439, 440 (Tex. 1892). "While trial courts have some discretion as to the timing of an appraisal, they have no discretion to ignore a valid appraisal clause entirely." *Johnson,* 290 S.W.3d at 888. Insurers have a right to mandamus relief to enforce appraisal clauses because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim. *In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 407, 412 (Tex. 2011) (citing *In re Allstate Cty. Mut. Ins. Co.,* 85 S.W.3d at 196). Courts in Texas have routinely held that a trial court's refusal to compel appraisal is reversible error upon mandamus review. *See e.g., In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d at 412 ("We conditionally grant the writ of mandamus and direct the trial court to grant Universal's motion to compel appraisal."); *In re Allstate Cty. Mut. Ins. Co.,* 85 S.W.3d at 196 ("trial court's denial of the motion to invoke appraisal was error"); *In re Public Serv. Mut. Ins. Co.,* No. 03-13-00003-CV, 2013 WL 692441, at *7 (Tex. App.—Austin Feb. 21, 2013) (orig. proceeding) ("Having concluded that the trial court's denial of Relators' motion to compel appraisal was an abuse of its discretion . . . we conditionally grant the petition for writ of mandamus as to the appraisal."); *In re GuideOne Mut. Ins. Co.,* No. 09-12-00581-CV, 2013 WL 257371, at *3 (Tex. App.—Beaumont Jan. 24, 2013) (orig. proceeding) ("Because the appraisal is related to GuideOne's defense, the trial court abused its discretion in denying its motion to compel.") (citations omitted); *In re Ranchers & Farmer's Mut. Ins. Co.,* No. 09-11-00054-CV, 2011 WL 1631820, at *1 (Tex. App—Beaumont April 28, 2011) (orig. proceeding) ("We hold that the trial court abused its discretion by denying the motion to compel an appraisal.").

3.5  Accordingly, Texas law requires that Plaintiff participate in appraisal in accordance with the contractually agreed-upon terms of his insurance policy with Allstate. Because both the terms of the insurance contract and Texas law require appraisal, Allstate

requests that the Court enter an order compelling Plaintiff to participate in appraisal and name his appraiser within five (5) business days from the date of its order.

**B.    Abatement of This Litigation Is Warranted Because Appraisal May Render Further Proceedings Moot**

3.6    When one party to an insurance contract properly invokes the contract's appraisal clause, the court should stay the suit pending completion of the appraisal. In *Woodward v. Liberty Mut. Ins. Co.*, Civil Action No. 3:09-CV-0228-G, 2010 WL 1186323 at *3 (N.D. Tex. Mar. 26, 2010), the court held that a properly-invoked appraisal clause in the insurance policy necessitated abating all proceedings in the case until the appraisal process was complete. *See also In re Slavonic*, 308 S.W.3d 556, 565 (Tex. App. – Houston [14th Dist.] 2010 (orig. proceeding) ("An insurer's remedy to enforce a condition precedent in its policy is abatement of the case."); *United Neurology, P.A. c. Hartford Lloyd's Ins. Co.*, No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012) (abating case while the appraisal goes forward); *Rice v. Certain Underwriters at Lloyds*, Civ. A. No. H-10-4660, 2011 WL 240421 (S.D. Tex. Jan. 21, 2011) (abating case until appraisal process is complete). Accordingly, the proper remedy to enforce the appraisal condition of Allstate's policy in this case is abatement of the case. *Lidawi v. Progressive County Mut. Ins. Co.*, 112 S.W.3d 725, 735 (Tex.App.—Houston [14th Dist.] 2003, no pet.). *See also Cano v. State Farm Lloyds*, 3:14-CV-2720-L, 2017 WL 3279139, at *1 (N.D. Tex. Aug. 2, 2017) (State Farm invoked the Policy's Loss Settlement appraisal provision, and appointed an appraiser. Plaintiffs objected to an appraisal and refused to participate in the appraisal process. State Farm filed a Motion to Compel Appraisal (Doc. 46), which the Court granted.)

3.7    Furthermore, judicial economy is best served by abating this matter until such time as the appraisal process is complete. *See Slavonic*, 308 S.W.3d at 565. The appraisal

provision binds the parties to the extent or amount of the loss determined through appraisal. *In re Allstate County Mutual Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002). If an insurer compensates the insured according to the appraisal award, there can be no breach of contract because the insurer is acting in accordance with the contract. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 412 (Tex. 2011). Consequently, after an appraisal award is rendered in this case, if Allstate does not dispute coverage and pays the entire award, it will have satisfied all of its potential obligations under the Policy and Plaintiff's contractual and extra-contractual claims will be rendered moot. Therefore, moving forward with discovery related to alleged breach of contract and extra-contractual causes of action when a condition precedent to the breach-of-contract claim has not been satisfied is a waste of the parties' and the Court's resources. *See Johnson*, 290 S.W.3d at 894 (noting that appraisals are less costly and faster than litigation, and often resolve disputes such as this one). To avoid unnecessary discovery and save both parties and this Court valuable time and resources, and to enforce the clearly applicable terms of the insurance contract, this Court should compel appraisal and abate litigation pending the outcome of the appraisal process.

## IV.
## CONCLUSION AND PRAYER

Allstate stands ready to resolve this matter through appraisal, which it properly invoked. Plaintiff refuses to participate in appraisal as required under the policy and by application of Texas law. Plaintiff should be compelled to participate in the appraisal process. Allstate requests that the Court compel appraisal according to the terms of the policy and require Plaintiff to designate his appraiser within five (5) business days from the date of the entry of its order granting this Motion. Allstate also requests that the Court abate all proceedings in this matter

until thirty (30) business days after the completion of the appraisal process. Allstate further requests any other relief to which it may be justly entitled.

        Respectfully submitted,

        /s/ Victoria A. Oates
        Victoria A. Oates
        State Bar No. 24070355
        Roger D. Higgins
        State Bar No. 09601500
        THOMPSON, COE, COUSINS & IRONS, L.L.P.
        700 N. Pearl Street, 25th Floor
        Dallas, Texas 75201
        Telephone:  (214) 871-8200
        Telecopy:   (214) 871-8209
        Email: voates@thompsoncoe.com
           rhiggins@thompsoncoe.com

        **ATTORNEYS FOR DEFENDANT**
        **ALLSTATE VEHICLE AND PROPERTY**
        **INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

  On December 6, 2017, counsel for Defendant Allstate invoked the appraisal clause by written correspondence to counsel for Plaintiff. Plaintiff's counsel responded with a letter on December18, 2017 refusing to participate in appraisal. As a result, this motion is presented to the Court for consideration.

        /s/ Victoria A. Oates
        Victoria A. Oates

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by electronic notice and/or facsimile to the following counsel on December 22, 2017:

Chad T. Wilson
Allen B. Landon
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

David P. Wilson
PROVOST UMPHREY LAW FIRM, LLP
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888
Dwilson@pulf.com

/s/ Victoria A. Oates
Victoria A. Oates